IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-96-D
No. 5:13-CV-775-D

| ROBERT LASHAWN JOHNSON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Robert Lashawn Johnson ("Johnston"), a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his 156-month sentence pursuant to 28 U.S.C. § 2255. See [D.E. 41, 45, 47]. On May 21, 2014, the government moved to dismiss Johnson's section 2255 motion. See [D.E. 51]. The court notified Johnson about the motion to dismiss, the consequences of failing to respond, and the response deadline pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). See [D.E. 53]. Johnson did not respond. As explained below, the court grants the government's motion to dismiss and dismisses Johnson's section 2255 motion.

I.

On April 13, 2011, a federal grand jury in the Eastern District of North Carolina indicted Johnson and charged him with conspiracy to possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See [D.E. 1]. On July 5, 2011, pursuant to a written plea agreement, [D.E. 25], Johnson pleaded guilty to the charge. See [D.E. 24, 25]. In his plea agreement, Johnson stipulated to a drug quantity of at least 15 kilogram, but less than 50 kilograms of cocaine. See [D.E. 25] ¶ 5.b.

On November 22, 2011, the court held a sentencing hearing. See [D.E. 33]. The court adopted the findings in the Presentence Investigation Report ("PSR") [D.E. 29]. See Fed. Crim. R. P. 32(i)(3)(A). The court calculated the advisory guideline range to be 188 to 235 months' imprisonment, based on a total offense level of 31 and a criminal history category of VI. See PSR ¶¶ 52, 60, 61, 63. The court granted the government's motion under U.S.S.C. § 5K1.1 [D.E. 32]. After considering all arguments, Johnson's allocution, and the section 3553(a) factors, the court sentenced Johnson to 156 months' imprisonment. See [D.E. 34]. Judgment was entered on December 6, 2011. See id. Johnson did not appeal, and his conviction became final on December 20, 2011. See Fed. R. App. P. 4(b)(1)(A); Clay v. United States, 537 U.S. 522, 527–28, 532 (2003); United States v. Sanders, 247 F.3d 139, 142–43 (4th Cir. 2001).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

2

In his section 2255 motion, Johnson makes three claims. All arise from a March 9, 2011, traffic stop, search, and seizure. See PSR ¶ 6. According to the PSR, which the court adopted, Johnson was a passenger in Charlie Jones's car on March 9, 2011. A Virginia police officer stopped the car for speeding. Jones was the driver. Johnson appeared overly nervous. The officer asked Jones if he would consent to a police canine sniffing the outside of the car. Jones consented. The canine alerted on the car's passenger side, where Johnson was sitting. See id. Jones then admitted to possessing a small amount of marijuana. Id.

The officer asked Jones and Johnson to exit the car. Id. They complied. Based on Johnson's nervousness, the canine alert, and Jones's possession of marijuana, the officer searched Jones and Johnson. Johnson was found in possession of 249.5 grams of cocaine, which he had concealed in his waistband. Id. Jones and Johnson were arrested. Each provided a statement and admitted that Jones drove Johnson to Richmond to purchase cocaine. Id.

On May 5, 2011, Johnson agreed to another interview. In that interview, he admitted that he got out of federal prison in 2008, and then began purchasing large amounts of cocaine from January 2009 through February 2011. See id. ¶ 7.

In his first claim, Johnson contends that his counsel erroneously failed to file a motion to suppress concerning the March 9, 2011 traffic stop and thereafter erroneously advised Johnson to plead guilty. See [D.E. 47] 5. In his second claim, Johnson asserts that the March 9, 2011 traffic stop violated the Fourth Amendment because the officer lacked probable cause to believe that the car was speeding, and that his counsel was ineffective for failing to challenge the legitimacy of the traffic stop. In his third claim, Johnson argues that the search following the traffic stop violated the Fourth Amendment, that all other evidence was fruit of the poisonous tree, and that his counsel was ineffective for failing to challenge the legitimacy of the search. See [D.E.1] 4–10.

3

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–88 (1984). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea that, due to counsel's ineffective assistance, was involuntary or unknowing cannot stand. See Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the individual. See Strickland, 466 U.S. at 687–88, 694; see also Missouri v. Frye, 132 S. Ct. 1399, 1409–10 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384–85 (2012); Hill, 474 U.S. at 57; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc).

As for Strickland's first requirement, "the proper standard for attorney performance is that of reasonably effective assistance." Strickland, 466 U.S. at 687. When it considers whether an individual has satisfied this requirement, a reviewing court must judge counsel's conduct against "an objective standard of reasonableness." Van Hook, 558 U.S. at 7; Strickland, 466 U.S. at 688. Counsel necessarily makes numerous tactical decisions during the various phases of a criminal proceeding. See Strickland, 466 U.S. at 689; see also Wiggins v. Smith, 539 U.S. 510, 521–23 (2003). Thus, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see Gray v. Branker, 529 F.3d 220, 228–29 (4th Cir. 2008).

As for Strickland's second requirement, "[a]n error by counsel, even if professionally

4

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691; see Van Hook, 558 U.S. at 12–13. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When a defendant alleges ineffective assistance of counsel in connection with a guilty plea, he must show that, but for counsel's error, there is a reasonable probability that he would have gone to trial instead of pleading guilty. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields, 956 F.2d at 1297; cf. Frye, 132 S. Ct. 1409–10.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. In analyzing an ineffective assistance of counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Johnson argues that counsel was constitutionally ineffective because he failed to file a motion to suppress concerning the traffic stop, and failed to otherwise challenge the stop or subsequent search, and thereafter erroneously advised Johnson to plead guilty. Trial counsel's "failure to file a suppression motion does not constitute per se ineffective assistance of counsel," but it may form the basis of an ineffective assistance of counsel claim. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To demonstrate deficient performance, "a meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim." Id. at 382; cf. Hill, 474 U.S. at 59.

Johnson contends that his counsel ineffectively failed to file a motion to suppress concerning the traffic stop. Johnson, however, was a passenger in a speeding vehicle. See PSR ¶ 6. As such, the officer had probable cause to stop the vehicle. See, e.g., Arizona v. Johnson, 555 U.S. 323, 327 (2009); United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008). The officer also permissibly had

5

a police dog sniff the outside of the vehicle. See, e.g., Florida v. Harris, 133 S. Ct. 1050, 1055–59 (2013); Illinois v. Caballes, 543 U.S. 405, 407–09 (2005); United States v. Richard, 528 F. App'x 323, 327–28 (4th Cir. 2013) (per curiam) (unpublished); Branch, 537 F.3d at 335–37. Indeed, although the officer did not need consent, the vehicles's driver, Charlie Jones, consented to the canine sniff, see PSR ¶ 6, which obviated any Fourth Amendment issue concerning the canine sniff. See, e.g., Fernandez v. California, 134 S. Ct. 1126, 1136–37 (2014). Moreover, Johnson had no legitimate expectation of privacy concerning Jones's car. See, e.g., Rakas v. Illinois, 439 U.S. 128, 148–49 (1978); United States v. Castellanos, 716 F.3d 828, 832–35 (4th Cir. 2013); United States v. Rusher, 966 F.2d 868, 874 (4th Cir. 1992). Furthermore, once the canine alerted, and based on the totality of the circumstances, the officer had probable cause to search Johnson. See, e.g., Harris, 133 S. Ct. at 1055–59; Caballes, 543 U.S. at 409–10; United States v. Place, 462 U.S. 696, 707 (1983); Branch, 537 F.3d 340 n.2; United States v. Allen, 159 F.3d 832, 839 (4th Cir. 1998). Obviously, once the officer discovered 249.5 grams of cocaine on Johnson, the officer properly arrested him. See, e.g., United States v. Collins, 412 F.3d 515, 518 (4th Cir. 2005).

The Sixth Amendment does not require counsel to raise every non-frivolous argument on a defendant's behalf. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 127 (2009). By definition, the Sixth Amendment does not require counsel to raise a meritless argument. See, e.g., Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010); Nelson v. United States, Nos. 5:10-CR-350-BR, 5:12-CV-609-BR, 2012 WL 5879750, at *2 (E.D.N.C. Nov. 21, 2012) (unpublished). On these facts, a motion to suppress was pointless. Thus, Johnson has failed to plausibly allege deficient performance. See, e.g., Strickland, 466 U.S. at 687–91; see also Engle v. Isaac, 456 U.S. 107, 134 (1982); Lewis v. Wheeler, 609 F.3d 291, 310 (4th Cir. 2010).

Alternatively, Johnson has failed to plausibly allege that he would not have pleaded guilty

6

but for counsel's alleged failure to seek to suppress the fruits of the search, and Johnson's subsequent admissions. See, e.g., Bobby, 558 U.S. at 12; Knowles, 556 U.S. at 127–128; Strickland, 466 U.S. at 699–700. Thus, Johnson has failed to plausibly allege prejudice.

To the extent Johnson attempts to raise substantive Fourth Amendment claims in addition to his ineffective-assistance claims, Johnson failed to raise those Fourth Amendment claims on direct appeal. Thus, he procedurally defaulted them. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Johnson has not plausibly alleged facts showing actual innocence or meeting the cause and prejudice standard. See, e.g., Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280, 284 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). Accordingly, any substantive Fourth Amendment claim fails.

Alternatively, the appellate waiver in Johnson's plea agreement bars any substantive Fourth Amendment claim. See [D.E. 25] ¶ 2c. This court fully complied with Rule 11 of the Federal Rules of Criminal Procedure before accepting Johnson's guilty plea. Accordingly, the appellate waiver in Johnson's plea agreement is enforceable and bars any substantive Fourth Amendment claim. See, e.g. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the claims presented in Johnson's section 2255 motion, reasonable jurists would not find the court's treatment of any of Johnson's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 51] and DISMISSES Johnson's amended section 2255 motion [D.E. 41, 45, 47]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This  14  day of July 2014.

JAMES C. DEVER III
Chief United States District Judge

8