IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-96-D

UNITED STATES OF AMERICA          )
                                  )
v.                                )          **ORDER**
                                  )
ROBERT LASHAWN JOHNSON,           )
                                  )
          Defendant.              )

On July 5, 2011, pursuant to a written plea agreement, Robert Lashawn Johnson ("Johnson")

pleaded guilty to conspiracy to possess with the intent to distribute a quantity of cocaine. See [D.E.

24, 25]. On November 22, 2011, the court held Johnson's sentencing hearing. See [D.E. 33, 34].

At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR").

See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Johnson's total offense level to be 31,

his criminal history category to be VI, and his advisory guideline range to be 188 to 235 months'

imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G.

§ 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court

sentenced Johnson to 156 months' imprisonment. See id.; [D.E. 34]. Johnson did not appeal.

On November 18, 2015, Johnson moved for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 58]. Johnson's new advisory

guideline range is 151 to 188 months' imprisonment, based on a total offense level of 29 and a

criminal history category of VI. See Resentencing Report. Johnson requests a 125-month sentence.

See id.; [D.E. 58] 2, 5.

The court has discretion to reduce Johnson's sentence under Amendment 782. See, e.g.,

Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th

Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Johnson's sentence, the court finds that Johnson engaged in serious criminal behavior. See PSR [D.E. 29] ¶¶ 6–8. Moreover, Johnson is a violent recidivist and has convictions for possession of a schedule II controlled substance, engaging in a riot-possessing a dangerous weapon, assault with a deadly weapon (two counts), resisting a public officer, felon in possession of a firearm (two counts), and possession of stolen goods. See id. ¶¶ 10–23. Johnson also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 11, 13, 18, 22, 41–50. Johnson has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for possession of a dangerous weapon, use of alcohol, threatening a staff member with bodily harm, and refusing a work/program assignment. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Johnson received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Johnson's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and serious misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Johnson's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Johnson's motion for reduction of sentence [D.E. 58].

SO ORDERED. This 16 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge